UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HEATHER DENISE GOSSETT, ) | Civil Action No.: 4:20-CV-02916-TER |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| -vs- ) | |
| ) | |
| Kilolo Kijakazi,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

### I. RELEVANT BACKGROUND

**A.     Procedural History**

Plaintiff filed her application for DIB and SSI on February 22, 2019, alleging inability to work since August 18, 2016. (Tr. 12). Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on May 5, 2020, at which time Plaintiff and a vocational expert (VE) testified. The Administrative Law Judge (ALJ) issued an unfavorable decision on June 3, 2020, finding that Plaintiff was not disabled. (Tr. 12-26). Plaintiff

---

[1] Recently, Kilolo Kijakazi became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted for Defendant Andrew Saul who was the Commissioner of Social Security when this action was filed.

filed a request for review of the ALJ's decision, which the Appeals Council denied on July 24, 2020, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3). Plaintiff filed this action on August 12, 2020. (ECF No. 1).

**B.     Plaintiff's Introductory Facts**

Plaintiff was born on February 18, 1978, and was thirty-eight years old on the alleged onset date. (Tr. 24). Plaintiff has at least a high school education and has past work experience as a cashier checker, sales clerk, and clothes sorter/stock checker. (Tr. 23). Plaintiff alleges disability originally due to neuropathy, depression, bipolar, anxiety, back issues, and polycystic ovarian syndrome. (Tr. 89).

**C      The ALJ's Decision**

In the decision of June 3, 2020, the ALJ made the following findings of fact and conclusions of law (Tr. 12-26):

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2021 (Ex. B9D).

2. The claimant has not engaged in substantial gainful activity since January 30, 2019, the date of the prior Administrative Law Judge's Decision (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: lumbar radiculopathy; osteoarthritis of the left ankle; morbid obesity; polycystic ovarian syndrome; hypertension; panic disorder; generalized anxiety disorder; major depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)

and 416.967(a) except she is limited to: lifting 10 pounds occasionally; standing or walking for about two hours in an eight-hour workday; sitting for up to six hours in an eight-hour workday; never balancing or climbing ladders, ropes, or scaffolds; occasionally stooping, kneeling, crouching, crawling, and climbing ramps or stairs; occasional exposure to workplace hazards such as unprotected heights and moving machinery; occasional exposure to extreme cold or heat; and performing low-stress work, defined as occasional decision making and occasional changes in the work setting.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 18, 1978 and was 38 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 18, 2016, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## II. DISCUSSION

Plaintiff argues the ALJ failed to evaluate an upper extremities impairment even at the early stage of determining whether it was a medically determinable impairment or not. Plaintiff argues the ALJ failed to follow AR 00-1(4). Plaintiff argues the ALJ failed to properly weigh consultants' opinions as to mental impairments.

The Commissioner argues that the ALJ's decision is supported by substantial evidence.

**A.     LEGAL FRAMEWORK**

### 1.    The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5)

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20

whether the impairment prevents him from doing SGA. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the

---

C.F.R. § 404.1520(h).

Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**B.    ANALYSIS**

**Upper extremities**

Plaintiff argues the ALJ failed to evaluate an upper extremities impairment even at the early stage of determining whether it was a medically determinable impairment or not.

"Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir.1983).

Without an analysis of all evidence and a sufficient explanation of the weight given to probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. *Arnold v. Secretary of Health, Ed. and Welfare*, 567 F.2d 258, 259 (4th Cir.1977). Remand is appropriate where an ALJ fails to discuss relevant evidence. *Ivey v. Barnhart*, 393 F. Supp. 2d 387, 390 (E.D.N .C. September 29, 2005)(*citing Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir.1987)). Any failure to list specific impairments as a disability basis on application forms is not dispositive because the ALJ is required to consider any impairments about which he receives evidence. 20 C.F.R. §§ 404.1512(a) and 416.912(a); *see also Smith v. Astrue*, 2011 WL 3880939, *4 (W.D.Va. August 31, 2011); *Nicholson v. Comm'r,* 600 F. Supp.2d 740, 785–786 (N.D. W.Va. Feb. 27, 2009). The ALJ clearly received evidence, as summarized below, addressing Plaintiff's upper extremity symptoms, exams, and diagnosis of neuropathy.

> The only finding as to impairments by the ALJ are:
>
> The claimant has the following severe impairments: lumbar radiculopathy; osteoarthritis of the left ankle; morbid obesity; polycystic ovarian syndrome; hypertension; panic disorder; generalized anxiety disorder; major depressive disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> These impairments cause significant limitations in the claimant's ability to perform basic work related activities. An impairment is considered "severe" if it can be expected to result in death or has lasted for at least 12 consecutive months and significantly limits an individual's physical or mental ability to perform basic work activities. Basic work activities include physical functions such as walking, standing, sitting, **lifting, pushing, pulling, reaching, carrying, and handling** or mental functions such as understanding, remembering, and carrying out instructions, use of judgment, responding to supervision and usual situations, or dealing with changes in a routine work setting.

(Tr. 15)(emphasis added). The ALJ did not mention any upper extremity impairment or neuropathy to find whether it was or was not a medically determinable impairment or to find such as non-severe;

there was no determination made.

Plaintiff's attorney noted at the hearing that between the intervening time of the prior January 2019 denial, issues with the right upper extremity began and persisted under the new application. (Tr. 42). Plaintiff's attorney argued a more restrictive sedentary RFC than previously found was supported due to hand and arm issues. (Tr. 42). Plaintiff testified that from her fingers to her elbow she gets burning, tingling, and aching to the bone. (Tr. 50). Plaintiff testified it is hard to grip things and use her hands. Plaintiff testified she drops things every day and has difficulty with buttons and zippers. (Tr. 51). Plaintiff has pain in her shoulders. (Tr. 53). At the hearing, as to a second hypothetical that contained a limitation to occasionally reach and occasionally handle, the VE testified there were no available jobs. (Tr. 60). If limited to sedentary with occasionally reach, handle, finger, and feel, the VE testified there were no available jobs. (Tr. 60). The ALJ stated the hypotheticals were coming from the records that happened 25 days after the first hearing. (Tr. 61).

Plaintiff alleged the impairment of neuropathy in her application. (Tr. 89, 133, 253). In the medical records in 2018 prior to the current time period, hand and arm pain "on top of known neuropathy" and throbbing from hands up to arms was noted. (Tr. 454). Exam in 2018 showed crepitus in shoulders and tenderness in wrists (Tr. 456). On March 20, 2019, within the relevant time period, Plaintiff was seen by Dr. Boyle, complaining of her pain in her arms and hands were worsening. Gabapentin, which was prescribed for neuropathy pain, was not helping; pain was increasing in hands/arms. (Tr. 463). Upon exam, Plaintiff had increased pain on palpation of hands and forearm. Pain was reported as deep. (Tr. 464). Assessment included "other idiopathic peripheral autonomic neuropathy" and it was "not controlled." Dosing was to be gradually increased and Plaintiff needed to use her hands/arms. (Tr. 465). On December 5, 2019, Plaintiff was seen by Dr.

Mourtada for pain management. (Tr. 710). Plaintiff had pain in the shoulders and arms, but she reported it starting in hands and radiating up. Plaintiff reported weakness, tingling, and numbness in all extremities. (Tr. 710). Upon exam, Plaintiff had tenderness over both trapezius muscles. (Tr. 714). Plaintiff had 4/5 strength in both upper extremities. (Tr. 714). Plaintiff reported similar pain to Dr. Mourtada on October 3, 2019. (Tr. 715). Upon exam, Plaintiff had tenderness over both trapezius muscles. (Tr. 719). Plaintiff had 4/5 strength in both upper extremities. Other exams in the record show no abnormalities noted as to the upper extremities.

The ALJ failed to evaluate whether Plaintiff's provider's assessment of neuropathy and/or an impairment related to objective findings and reported symptoms regarding Plaintiff's upper extremities was a medically determinable impairment, and if so, whether such was severe or non-severe. The court cannot speculate, if found to be an impairment here, what severity the ALJ would have assigned the impairment(s), and the ALJ's opinion shows the ALJ may not have considered, as required, all impairments, severe and non-severe, in formulating the RFC. 20 C.F.R. § 404.1523. The ALJ is to consider the effect of all impairments throughout all five steps. Moreover, it is evident from the VE's testimony that this error could be outcome determinative if any additional RFC limitations are applicable as to upper extremity usage, resulting in no available jobs at Step Five and a disability finding. This court cannot evaluate whether the ALJ's decision was based on substantial evidence. It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. The court cannot resolve whether a medically determinable impairment as to this issue exists, where conflicting evidence is contained in the record. Although the substantial evidence standard of review requires the Court to uphold the ALJ's disability determinations where supported by substantial evidence, the Court cannot conduct

the review when it is unable to determine how the ALJ viewed particular evidence. Remand is appropriate here to allow the ALJ to properly consider and evaluate the evidence at each Step.

Because the Court finds the ALJ's analysis with respect to the above issue is a sufficient basis to remand the case to the Commissioner, the undersigned does not specifically address Plaintiff's additional allegations of error. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Upon remand, the Commissioner should consider each of Plaintiff's allegations of error, including, but not limited to, whether the ALJ failed to follow AR 00-1(4) and where the failed to properly weigh consultants' opinions as to mental impairments.

### III. CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is reversed and this matter is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

September 15, 2021
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge